OPINION
This is a timely appeal from a decision of the Mahoning County Court of Common Pleas dismissing David R. Meikle's ("Appellant") complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we hereby affirm the judgment of the trial court.
On October 21, 1999, Appellant filed a complaint against Appellees, Edward J. DeBartolo Corporation and National Industrial Development Corporation, alleging that Appellees had breached a brokerage agreement entered into with Appellant. Appellant claimed that in February, 1987, he contracted with Appellees to facilitate the sale of property in Boardman Township owned by WFMJ Broadcasting ("the property") for which he would receive a commission constituting 10% of the purchase price.
Appended to the complaint were several documents, including one from the Mahoning County auditor's office indicating that in November, 1990, the property was sold to the DeBartolo-Monus Partnership No. 1, for $3,380,000.00. (Complaint Exh. A). Appellant also attached to his complaint other documents, including letters to "Meikle Realtors" and proposed but unsigned purchase agreements which refer to the property. (Complaint Exhs. B-D). Although "Exhibit D" to the complaint mentions a brokerage agreement with "Meikle Co.", none of the exhibits include the actual agreement.
Appellees moved to dismiss the complaint. Although the motion actually refers to Civ.R. 12(B)(7), which provides for dismissal where a complaint fails to join parties necessary to the cause of action, in the body of the motion Appellees argue that the complaint failed to state a claim upon which relief could be granted and that the claim was barred by the statute of limitations. Thus, Appellees actually challenged the complaint under Civ.R. 12(B)(6).
On February 28, 2000, the trial court granted Appellees' motion and dismissed the complaint. The court found that Civ.R. 10(D) required that a party alleging any claim based on a written instrument must attach a copy of it to the complaint. Appellant's complaint was predicated on the alleged breach of a brokerage or listing agreement, but the agreement at issue was not attached to the complaint.
Accordingly, the trial court assumed that the contract, if there was one, was oral. The statute of limitations for a contract not in writing is six years from the date the cause of action accrued. R.C. §2305.07. Since the property was sold in November of 1990, the latest date that Appellant could have filed his complaint was in November of 1996. Therefore, the trial court concluded that the complaint, which was not filed until 1999, was clearly barred by the statute of limitations. (Feb. 28, 2000, Judgment Entry).
Appellant now appeals that dismissal, raising three assignments of error. Since Appellant's second assignment of error actually seeks more of a clarification than a ruling from this Court, we will dispense with that assignment first. Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEES' CIV.R.12(B)(7) MOTION TO DISMISS BECAUSE THERE WAS NO SHOWING THAT APPELLANT FAILED TO JOIN THE PROPER PARTIES."
Appellant argues that the trial court committed reversible error when it granted Appellees' motion to dismiss under Civ.R. 12(B)(7). While Appellees' motion does state that dismissal was sought under Civ.R. 12(B)(7), which allows for dismissal when the plaintiff fails to join necessary parties, review of the motion makes it obvious that Appellees sought dismissal, not because Appellant had failed to join the necessary parties, but because the complaint failed to state a claim upon which relief could be granted. (Nov. 23, 1999, Motion to Dismiss). Since those grounds are set forth under Civ.R. 12(B)(6), it appears that Appellees mistakenly alluded to 12(B)(7) when they really intended to cite 12(B)(6). Failure to correct this ministerial oversight does not render the trial court's dismissal under Civ.R. 12(B)(6) erroneous. Appellant's second assignment of error is therefore overruled.
In his first and third assignments of error Appellant claims:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S CIV.R.12(B)(7) MOTION TO DISMISS BECAUSE PLAINTIFF'S COMPLAINT STATED A LEGALLY COGNIZABLE CLAIM."
 "THE TRIAL COURT ERRED IN GRANTING APPELLEES' CIV.R.12(B)(7) MOTION TO DISMISS BECAUSE APPELLANT'S COMPLAINT WAS FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS."
The two issues are intertwined and can be more succinctly addressed as one issue. Appellant argues that dismissal was improper because his complaint presented a legally cognizable cause of action which the trial court should have found defeated the six year statute of limitations. Resolution of this matter requires this Court to address two concerns. First, whether the failure to attach a copy of the written instrument upon which the cause of action is based without then explaining its absence justifies a conclusion that the instrument was oral. Second, whether Appellant's complaint sufficiently alleged his claim as a third party beneficiary under the contract for purchase of the property.
This Court subjects dismissals under Civ.R. 12(B)(6) to de novo
review. Crestmont Cleveland Partnership v. Ohio Department of Health
(2000), 139 Ohio App.3d 935, 936. This standard requires the Court to undertake an independent review of the complaint to determine whether dismissal was appropriate. In doing so, we presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1989),40 Ohio St.3d 190, 192, citing 2A Moore, Federal Practice (1985) 12-63, ¶ 12.07[2.5].
In resolving a Civ.R. 12(B)(6) case, a court is confined to the information set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56. State ex rel Baran v. Fuerst (1990),55 Ohio St.3d 94, 97. Thus, an appellate court may not assume as true or even consider facts alleged in a party's brief or the attachments to that brief. Phung v. Waste Management, Inc. (1986), 23 Ohio St.3d 100, 102, overruled on other grounds, Kulch v. Structural Fibers, Inc. (1986),78 Ohio St.3d 134, 157.
The trial court properly grants a motion filed under Civ.R. 12(B)(6) where it appears beyond doubt that the complaint at issue offers no set of facts which, if proved, would entitle the plaintiff to recover.O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245. While a court must accept the allegations in the complaint as true, it need not presume the truth of any conclusions unsupported by factual allegations. Schulman v. City of Cleveland
(1972), 30 Ohio St.2d 196, 198.
The pleading threshold in order to withstand dismissal is fairly low. As a general rule, a complaint merely needs to provide reasonable notice of the plaintiff's claim. State ex rel. Edwards v. Toledo City SchoolDist. Bd. of Education (1995), 72 Ohio St.3d 106, 109. Moreover, the complaint need not allege every fact that the plaintiff intends to prove since such facts may not come to light until after discovery. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144-145. All that is required of a complaint is a, ". . . short and plain statement of the claim showing that the party is entitled to relief." York v. Ohio StateHighway Patrol, supra, at 144.
In the instant case, Appellant's complaint undisputably sets forth the elements of a cause of action for breach of a brokerage agreement. Paragraph 4 of Appellant's complaint states as follows:
 "In February of 1987, [Appellant] entered into a real estate brokerage contract with [Appellees] to facilitate the purchase of property commonly known as WFMJ and located on Boardman-Canfield Road in the Township of Boardman, Mahoning County, Ohio. A description of the subject real property is set forth in Exhibit `A', attached hereto and incorporated into this Complaint as if fully rewritten herein."
Next, in paragraph 5 of the complaint Appellant alleges:
 "The real estate brokerage contract between [Appellant] and [Appellees] was confirmed, ratifies [sic] and set forth in various memoranda, contracts and correspondence, attached hereto as Exhibits `B', `C' and `D'."
The complaint also claims that based on the terms of the contract, Appellant is entitled to 10% of the $3,380,000.00 purchase price of the property. It is plain that the subject of the complaint is the contract that the parties purportedly entered into in February of 1987. While the materials attached to the complaint do confirm that such an agreement may have existed, the agreement itself is nowhere to be found.
Civ.R. 10(D) provides that, "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." In light of Appellant's failure to attach the February, 1987, brokerage agreement to the complaint and Appellant's complete failure to explain its absence, the trial court reasonably concluded that any brokerage agreement between the parties must have been oral. Therefore, the trial court concluded that the complaint was barred given the six year statute of limitations for lawsuits arising out of oral agreements. (Feb. 23, 2000, Judgment Entry).
This Court recognizes that a complaint's failure to strictly conform to the dictates of Civ.R. 10(D) need not prompt such drastic action as dismissal. See Ferguson v. Rolland (October 25, 1999), Mahoning App. No. 98 CA 199, unreported, citing Point Rental Co. v. Posani (1976)52 Ohio App.2d 183. Appellant had an obligation, however, in the absence of a written document, to explain or otherwise address the document's absence. Appellant could have remedied the deficiency in his complaint by seeking leave to amend under Civ.R. 15(A). Appellant could have given an explanation for the missing written agreement in its response to Appellees' motion to dismiss, which seems to be easiest and most logical place to provide such an explanation. Appellant chose neither course. Thus, the trial court was left with no choice but to conclude that the brokerage agreement to which the complaint referred was oral. In fact, we must note that at no time or at any level has Appellant actually stated that a written agreement exists.
Appellant cannot save the complaint with exhibits that merely refer to an alleged agreement. It is long settled that attaching memoranda alleged to be evidence of a contract to a complaint sounding in breach of contract will not transform an oral contract into a written one for purposes of conforming to the statute of limitations. First NationalSecurities Corp. v. Hott (1954), 162 Ohio St. 258, 262.
Nevertheless, Appellant maintains that when the complaint's exhibits are considered collectively, they establish his claim as a third party beneficiary to the sale/purchase agreement for the property. The provision to which Appellant refers states as follows:
 "Brokerage and Finder's Fees. Except for Meikle 
Co., the commission which shall be paid by Buyer upon closing of this transaction, Seller [WFMJ] has not employed any broker, finder or agent, or agreed to pay or incurred any brokerage fee, finder's fee or commission with respect to the transaction contemplated by this Agreement, and has not dealt with anyone purporting to act in the capacity of a finder or broker with respect thereto. This transaction was not, with the authority of Seller, submitted to Buyer by any such broker."
(Complaint Exh. D, ¶ 3.16, p. 20). According to Appellant, taking the above quoted provision and other materials attached to his complaint as a whole, there was sufficient evidence of a written agreement between the parties. Therefore, the applicable statute of limitations was not the six years allowed for actions involving oral agreements but fifteen years as set forth under R.C. § 2305.06.
Appellant insists that because the third party beneficiary claim was based on a writing, the trial court should have applied the fifteen year statute of limitations, thereby defeating Appellees' motion to dismiss. Notwithstanding the information contained in the complaint's exhibits, the complaint itself is based on an allegation that a 1987 brokerage agreement was breached. The complaint does not allege that Appellant is a third party beneficiary to any contract. Consequently, Appellant's complaint was properly dismissed under Civ.R. 12(B)(6), because it lacked a short and plain statement, in fact, any statement, of this purported third party beneficiary claim as required under Civ.R. 8.
It is well settled that, "* * * a complaint must assert, not imply, a cause of action by way of the notice pleading requirements contained in the Civil Rules of Procedure." Mettler Toledo Inc. v. Republic PowderedMetals Inc. (May 29, 1996), Medina App. No. C.A. 2500-M, unreported, citing Civ.R. 10. In Mettler, the plaintiff argued that a complaint alleging breach of a roofing contract also alleged a products liability claim even though it was not specifically stated in the complaint. The court held that plaintiff's failure to specifically plead the products liability claim violated Civ.R. 8. Like the matter now before this Court, the plaintiff in Mettler could have easily alleged facts sufficient to support his products liability claim. Accordingly, the court refused to, "bootstrap an allegation from a possible inference of an allegation contained in an exhibit." Id., *4.
In the instant case, Appellant has attempted to do precisely what the court prohibited in Mettler. Appellant seeks to resurrect his complaint by bootstrapping a third party beneficiary claim from a possible inference raised by an exhibit which he attached to support his claim alleging a breach of the February, 1987, brokerage agreement. Appellant's efforts must fail.
The trial court's Civ.R. 12(B)(6) dismissal of Appellant's complaint was proper. The trial court did not err when it concluded that Appellant's complaint, predicated on an alleged February, 1987, brokerage agreement, was untimely under R.C. § 2305.07. The absence of a written contract precludes Appellant from pursuing his claim on the brokerage contract because of the statute of limitations. Appellant has also failed to sufficiently allege a cause of action as a third party beneficiary to the purchase/sale agreement for the property. Accordingly, this Court affirms the judgment of the trial court.
Vukovich, P.J., and DeGenaro, J., concurs.